# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL JOHN PISKANIN,<br>    *Plaintiff*,<br><br>v.<br><br>PRUDENTIAL INSURANCE<br>COMPANY, *et al.*<br>    *Defendants*. | :<br>:<br>:<br>:  CIVIL ACTION NO. 20-CV-4123<br>:<br>:<br>:<br>: |

## MEMORANDUM

**PAPPERT, J.**                                                                                    **JANUARY 5, 2021**

*Pro se* Plaintiff Michael John Piskanin sued Prudential Insurance Company and John Strangfeld "under Racketeer Influenced Corrupt Organization Act." (ECF No. 2 at 1.)[1]  The RICO claim appears to be based on underlying claims for fraudulent conversion and civil rights violations. (*Id.* at 2.)  Piskanin also seeks leave to proceed *in forma pauperis*.  For the following reasons, the motion to proceed *in forma pauperis* will be granted and the Complaint dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I

Piskanin alleges that he resides in a nursing facility in Fayette County, Pennsylvania. (*Id.*)  Following the death of his mother on January 22, 1975, Prudential, which is alleged to be located in Newark, New Jersey, Dover, Delaware and Philadelphia, Pennsylvania, failed or refused to contact Piskanin to notify him that he was the sole beneficiary of his mother's Prudential life insurance policy. (*Id.*)  When he

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

discovered the existence of the policy, Piskanin contacted Prudential seeking the policy proceeds but his claim was denied. (*Id.*) He alleges he has been denied the use and benefits of the proceeds for more than 55 years and seeks money damages in excess of $100,000. (*Id.* at 3.) Strangfeld is alleged to be Prudential's chief financial officer and "was one of several Racketeers and Satanists controlling defendants herein." (*Id.*) There are no other substantive allegations against Strangfeld.

## II

Because Piskanin is unable to pay the filing fee, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Piskanin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III

Piskanin's claims under the RICO statute are not plausible. To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The statute defines "racketeering

activity" by enumerating a list of predicate acts, including conspiracy and obstruction of justice. *See* 18 U.S.C. § 1961(1). A pattern of racketeering activity, in turn, requires at least two predicate acts. *See* 18 U.S.C. § 1961(5). The plaintiff must allege that "the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Tallely v. Halpern ex rel. Estate of Winderman*, Civ. A. No. 05-4184, 2005 WL 2002611, at *3 (E.D. Pa. Aug. 16, 2005) (quoting *H.J., Inc. v. NW Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). Piskanin alleges only one possible predicate act, namely his assertion that Prudential improperly denied payment of his mother's insurance proceeds. This is insufficient to allege a plausible RICO claim. *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 188 (1997), (noting that "civil RICO requires not just a single act, but rather a 'pattern' of acts").

Moreover, Piskanin fails to make any plausible allegation of an "enterprise." The United States Supreme Court has recognized that a corporation's owner could be sued as a RICO "person" acting through the corporation as the "enterprise." *See Cedric Kushner Promotions, LTD v. King*, 533 U.S. 158, 162-63 (2001) (agreeing with the government's reading of § 1962(c) to "require some distinctness between the RICO defendant and the RICO enterprise"). However, the Court distinguished this scenario from the type of claim where a corporation is alleged to be a RICO person based on an alleged association with its own employees. *Id.* at 163-164 (citing *Riverwoods Chappaqua Corp. v. Marine Midland Bank N.A.*, 30 F.3d 339 (2d Cir. 1994)). Liberally construed, Piskanin alleges only that Prudential acted in association with its own employee Strangfeld, its chief financial officer. Accordingly Piskanin has not pled facts to imply the plausible existence of a RICO enterprise. *See In re Ins. Brokerage*

*Antitrust Litig.*, 618 F.3d 300, 369-70 (3d Cir. 2010) (applying *Iqbal* pleading standards to allegations of a RICO enterprise).  Piskanin's RICO claim, therefore, is dismissed. Because it appears that any attempt to amend this claim would be futile, the dismissal will be with prejudice.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).

Piskanin's Complaint also alleges a violation of his civil rights.  The vehicle by which a citizen can bring a claim for violation of his civil rights is 42 U.S.C. § 1983. That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  As there is no allegation that either Defendant is a "state actor" the civil rights claims are not plausible and will be dismissed with prejudice.

Finally, to the extent that Piskanin alleges a separate claim for fraudulent conversion under Pennsylvania law, having dismissed his federal law claims the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.

IV

For the reasons stated, Piskanin's RICO and civil rights claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). All state law claims will be dismissed without prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**